The defendants were returned respectively as overseers of the poor of the city of Philadelphia, at a city sessions held on the 25th March 1792, before the mayor, two aldermen of the city and two justices of the peace of the county of Philadelphia.
The defendants severally appeared, and claimed their privilege as attornies of this court and of the courts of Common Pleas, and as counsel practising in the same courts, and in the Supreme Court of the United States. The sessions overruled their pleas of privilege, and appointed them respectively to the office of overseers of the poor, but had not imposed their fines for refusal to serve therein when the certioraris were taken out.
It was insisted by the defendants, that the privilege of officers of justice, was the privilege of the court to which they belonged. 4 Burr. 2x09. An attorney is exempt from serving as sheriff of a corporation, though a corporator and resident before and when admitted attorney. . Ib. He shall not be chosen collector of the Lord’s rent within a manor when it is copyhold, though it be part of his tenure; nor amerced for not doing his suit at the Lord’s court, when his attendance at Westminster is required. 1 Vent. 16, 29. T. Raym. 179. He shall not be appointed bailiff of a corporation. 1 Barnes 29, (edit. 1754,) Richmond’s case. An attorney is privileged from being appointed a constable, or being elected into any other office against his will. Cro. Car. 389, 585. Noy, 1x2. He shall not be made church warden of a parish. 2 Rol. Abr. 272, c. 15. 17 Vin. 508, pi. 1.
If it was deemed necessary in England, for the administration of justice, that the officers of courts should be vested with certain privileges, the same necessity subsits also here, though not founded on immemorial custom: and it has been held, that a general statute shall not be construed to oust the privilege of the officers of the courts of justice. Palm. 403.
The bar of Pennsylvania claim not the undue privilege of being exempted from arrests; the general justice of the coun *350 try should alike pervade all ranks and professions. Nor do they claim exemption from serving in the militia, or paying substitutes in their stead; it is a great national service, to which all men .are bound equally to contribute. A late case in the Common Pleas at Westminster, has put this latter point on a proper footing. 3 Blackst. Rep. 1123, Gerard’s case. ^og-,-1 *Mr. Thomas for the city urged, that the practi- -* tioners of the law cannot rest their pretensions on the ground of usage immemorial, which is the source from whence the attornies in England derive their exemption; and it would scarcely be tolerated here, should the doctrine of privilege as to attornies be adopted in the same latitude in which it is received at Westminster. At attorney there cannot be arrested by original process, but only by bill; Doug. 299, 300; nor, according to some authorities, could he be compelled to serve in the militia. 2 Stra. 1143. Cro. Car. 11, 389. 2 Barnes 33. Heaton’s case.
The act of assembly ‘ ‘ for the relief of the poor, ’ ’ passed March 9, 1771, (Prov. Daws, 404) made perpetual by the act passed March 25, 1782, (2 Dali. Daws 20) makes no exceptions in favour of any class of men. Those who are returned by the overseers of the poor going out of office, and shall be nominated ' by the city sessions, must take on them that burthen, or forfeit 20I. for the use of the poor of the city. Pa. 407. § 14. If attornies had an exemption at common law, they are deprived of it by these acts of the legislature.
The office of an overseer of the poor cannot be compared to that of a constable; the latter may be deemed incompatible with the duties of an attorney, but an attorney may hold the former without injuring himself or his clients. But Gerard’s case establishes another important distinction: where the service to which the attorney is appointed is not personal, but may be commuted for a certain sum, (as in this instance 20I.) his privilege does not hold. 2 Bl. Rep. 1130. As a good citizen, he ought to submit cheerfully to the common burthens incident to men of property in the community.
The court observed, that the cases were not regularly before them, no fine having been laid by the city sessions on the defendants for refusing to serve in the office to which they were nominated when the certioraris were put in. To settle the question however, they would not decline giving their sentiments.
The uniform practice of courts of justice in Pennsylvania has established that attornies are entitled to privilege. The fourth rule, regulating the practice of the Supreme Court fully recognizes it. It seems, they do not claim an exemption from arrests, or militia duty; indeed, in the former case we have understood, that a judicial decision many years ago has settled that point, in the case of one John Robinson an attorney, who claimed such privilege, but it was denied to him, *351 on solemn argument. In what tben can the privilege of tlie bar consist, unless it be in the exemption from the duties of overseers of the *poor, supervisors of the public roads r*oKo and highways, constables, and other such inferior ofE.- L ces? It is said an attorney may pursue the line of his profession, and yet sustain the character of overseer of the poor and discharge the duties of that office also. We well know, from the frequent excuses made to us by overseers of the poor, who are summoned as jurymen, that in their idea both functions cannot properly be discharged by the same person; besides, may it not happen, that the attorney acting quaienus overseer, may be called on to advocate on an order of removal, the interests of townships diametrically opposite to those of the city or township, which he represents in another capacity ? This surely would involve a strange confusion, if not incompatibility of character!
On the whole, we are of opinion, that the privilege of an attorney exempts him from being nominated to the office of an overseer of the poor.